UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tommy Lee Stevens, | ) |
|       Plaintiff, | ) |
| v. | ) Case: 1:16-cv-00616   (F-Deck)<br>) Assigned To : Unassigned<br>) Assign. Date : 4/1/2016<br>) Description: Pro Se Gen. Civil |
| Unknown Name Employees of U.S. Dep't of Health and Human Services *et al.*, | ) |
|       Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, a resident of Mount Olive, North Carolina, alleges that he "is being forced to participate in some type of project that defendants [unnamed federal employees and the State of North Carolina] are suggesting they are conducting research, by the use of transceivers implanted in the body of plaintiff." Compl. at 1. He alleges specifically that defendants "communicate with me through transmission and receiving my brain waves or signals from my brain," but he has "told them several times this way that I do not want their medical treatment [because] I do not trust them and that the VA Hospital in Fayetteville, N.C. is where I will continue my medical treatment." *Id* at 2. Plaintiff alleges also that he complained to the U.S Court of Federal Claims, and he has attached his "most recent submission to [that] court," reporting about the "continuing criminal activity directed at me, family members, and other citizens." Compl. Attach. Plaintiff

1

seeks "injunctive relief in the form of stopping defendants from interfering with legal research on the internet and other means and preventing me from bringing cases before a court." Compl. at 4. Plaintiff also seeks to enjoin defendants from interfering with his medical treatment and to "have no contact with his primary care team or VA hospital concerning his health care." *Id.*

The complaint's allegations present the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: March 30, 2016